Free v. USA                                                                                                           Doc. 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07 - CV - 00228 BNB

(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.)

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 3 1 2007

GREGORY C. LANGHAM
CLERK

WILLY FREE, also known as
WILLIE C. FREE, also known as
WILLIE CRUSO FREE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

## ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION AND DIRECTING PLAINTIFF TO CURE DEFICIENCY AND TO SHOW CAUSE

Plaintiff Willie Free, also known as Willie C. Free and as Willie Cruso Free, has submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, and a Prisoner Complaint. The caption of this order has been corrected to include Mr. Free's aliases.

The court has determined that the submitted documents are deficient as described in this order. Notwithstanding the deficiencies, the clerk of the court will be directed to commence a civil action. Plaintiff will be directed to cure the following if he wishes to pursue his claims. Any papers which Mr. Free files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit:**
(1)   ___   is not submitted
(2)   ___   is missing affidavit

Dockets.Justia.com

(3) __X__ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing (<u>Account statement submitted is not certified by a prison official</u>.)
(4) ___ is missing required financial information
(5) ___ is missing an original signature by the prisoner
(6) __X__ is not on proper form (must use the court's current form)
(7) ___ names in caption do not match names in caption of complaint, petition or habeas application
(8) ___ An original and a copy have not been received by the court.
    Only an original has been received.
(9) ___ other _____

**Complaint, Petition or Application:**
(10) ___ is not submitted
(11) __X__ is not on proper form (must use the court's current form)
(12) ___ is missing an original signature by the prisoner
(13) ___ is missing page nos. ___
(14) ___ uses et al. instead of listing all parties in caption
(15) ___ An original and a copy have not been received by the court.
(16) ___ Sufficient copies to serve each defendant/respondent have not been received by the court.
(17) ___ names in caption do not match names in text
(18) ___ other _____

Mr. Free is a prisoner in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Terre Haute, Indiana. He seeks leave to proceed on appeal without prepayment of fees or security therefor pursuant to 28 U.S.C. § 1915 (Supp. 2006).

In relevant part, 28 U.S.C. § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Free does not allege facts demonstrating that is under imminent danger of serious physical injury. Therefore, the court must determine whether Mr. Free has brought at least three actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. For the purposes of this analysis, the court may consider actions or appeals dismissed prior to the enactment of 28 U.S.C. § 1915(g). **Green v. Nottingham**, 90 F.3d 415, 420 (10th Cir. 1996).

A review of court records of the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) in **Free v. United States of America**, No. 98-1171 (10th Cir. Oct. 13, 1998), reveals that, while he was a prisoner, Mr. Free, on three or more prior occasions, has brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. In a July 29, 1998, order to show cause in 98-1171, of which this court takes judicial notice, the Tenth Circuit notes:

> Appellant, Willie Cruso Free, has had 3 or more prisoner actions or appeals in a court of the United States which were found to be frivolous, malicious or failed to state a claim upon which relief could be granted. First, in **Free v. United States**, 879 F.2d 1535 (7th Cir. 1989), the Seventh Circuit dismissed as frivolous the appeal of an action brought under the Federal Tort Claims [Act].
> Second, in **Free v. Skon**, No. 96-CV-803 (D. Minn. Oct. 16, 1996), the district court dismissed the action brought under the Federal Tort Claims Act for failure to state a claim for relief. Mr. Free's appeal of the district court's decision was dismissed for failure to prosecute the appeal.

3

> *Free v. Skon*, No. 96-3802-MNMI (8th Cir. June 27, 1997).
> Finally, in *Free v. Keohane*, No. 96-CV-3349 (W.D. Mo. Feb. 20, 1997), the district court dismissed the civil rights complaint for failure to state a claim. No appeal of the district court's decision was filed.
> Furthermore, the district court dismissed the civil rights complaint underlying this appeal, "as legally frivolous and because it seeks monetary relief against a defendant immune from such relief." *Free v. United States*, 97-D-2684 (D. Colo. Apr. 29, 1998).

*Free v. United States*, 98-1171, slip. op. at 1-2.

The Tenth Circuit in 98-1171 found that Mr. Free is subject to the provisions of 28 U.S.C. § 1915(g) and denied him leave to proceed absent payment of the appellate filing fee. In addition, Mr. Free initiated three more lawsuits in this court which were dismissed as legally frivolous or for failure to state a claim. **See *Free v. Hurley*,** No. 97-cv-02345-DBS (D. Colo. Sept. 27, 2000), ***appeal dismissed***, No. 00-1461 (10th Cir. May 18, 2001); ***Free v. United States***, No. 98-cv-00319-DBS (D. Colo. Sept. 27, 2000), ***appeal dismissed***, No. 00-1462 (10th Cir. May 18, 2001); and ***Free v. Pugh***, No. 99-cv-01400-DBS (D. Colo. Oct. 27, 2000), ***appeal dismissed***, No. 01-1353 (10th Cir. Oct. 2, 2001). Therefore, Mr. Free will be ordered to show cause why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915(g). Accordingly, it is

ORDERED that the clerk of the court commence a civil action in this matter. It is

FURTHER ORDERED that Mr. Free cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers which Mr. Free files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Mr. Free show cause in writing **within thirty (30) days from the date of this order** why he should not be denied leave to proceed

pursuant to 28 U.S.C. § 1915: (1) because he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted; and (2) because he fails to establish that he is under imminent danger of serious physical injury. It is

FURTHER ORDERED that the response shall be titled, "Response to Order to Show Cause," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that, if Mr. Free fails to cure the designated deficiencies or to show cause **within thirty (30) days from the date of this order**, the complaint and the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED at Denver, Colorado, this 31st day of January, 2007.

BY THE COURT:

_____
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   **07 – CV – 0 0 2 2 8**

Willy Free
Reg. No. 23110-149
P.O. Box 12015
Terre Haute, IN 47807

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on ___1-31-07___

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk